IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH H. RICHARDSON, # 17661,   § | | |
| Plaintiff,   § | | |
| § | | |
| v.   § | | 3:10-CV-0222-P |
| § | | |
| HUNT COUNTY, et al.,   § | | |
| Defendants.   § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for screening. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* complaint brought by a county jail inmate pursuant to 42 U.S.C. § 1983.

Prior to filing this case, Plaintiff submitted a civil rights action, *see Richardson v. Hunt County, et al.*, No. 3:09-CV-2342-K (N.D. Tex.) (initially referred to the undersigned for screening and for pretrial management), and a petition for writ of habeas corpus, *see Richardson v. Hunt County District Court*, 3:10-CV-0135-M (N.D. Tex. Mar. 19, 2010) (Lynn, J.) (dismissed without prejudice for failure to exhaust state court remedies).  Contemporaneous with the filing of this recommendation, the undersigned filed findings recommending the dismissal of No. 3:09-CV-2342-K.

Parties:  Plaintiff is presently confined at the Hunt County Jail in Greenville, Texas.

Defendants are Judge Andrew Bunch, Officer Barlow and Petty's Wrecker Service. No process has been issued in this case pending preliminary screening.

Statement of the Case: On February 4, 2010, Plaintiff filed the complaint in this action naming as defendants Hunt County, Officer Steffens, and an unidentified assistant prosecutor. Plaintiff generally complained of unspecified actions of unidentified county jail employees. He also complained that Officer Steffens erred in writing him a ticket for DWI and driving without a license, and that the prosecutor said "a bold face lie" about a twenty-five year old charge.

On February 23, 2010, in response to the court's deficiency order, Plaintiff submitted a § 1983 complaint on the court approved form, which the clerk docketed as an amended complaint. Plaintiff sought to sue Judge Andrew Bunch as the sole defendant. (*See* Am. Compl. at 1 and 3.) He correctly noted that Officer Barlow (sued as Officer Browlow in 3:09-CV-2342-K), and Petty's Wrecker Service (also sued in No. 3:09-CV-2342-K) were already before the court, *albeit* in a separate case. (*See Id.* at 3.)[1]

The amended complaint sought to challenge Plaintiff's DWI conviction and 180-day sentence. Although Plaintiff set out some allegations against various individuals in the body of the complaint, he only requested habeas corpus type relief – namely "a hearing to show the DWI" could not have materialized because he "was not moving – he was asleep" in his car. (Am. Compl. at 4).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*.

---

[1] The findings, conclusions and recommendation in No. 3:09-CV-2342-K address in detail Plaintiff's claims against Officer Barlow (or Browlow), Petty's Wrecker Service, and Hunt County. No further discussion of these defendants is needed in this case and the claims should be dismissed as frivolous because they are duplicative.

His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989).

Insofar as Plaintiff seeks to set aside his DWI conviction and 180-day sentence, and obtain release from confinement, his claims are cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoted cases omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S. Ct. 1827 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures).

The district court recently dismissed Plaintiff's companion habeas corpus petition for failure to exhaust state court remedies. *See Richardson v. Thaler*, 3:10-CV-135-M (N.D. Tex. Mar. 19, 2010) (Lynn, J.). Any additional request for habeas relief – construed as a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 – should also be dismissed without prejudice for failure to exhaust state court remedies.

To the extent Plaintiff seeks monetary damages against individual defendants, his complaint lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).  The judge and assistant prosecutor are absolutely immune from any claim for monetary damages.  Judge Andrew Bunch's actions during the court proceedings were done in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir. 1995).  "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994)); *see also Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996); *Krueger v. Reimer,* 66 F.3d 75, 76-77 (5th Cir. 1995) (per curiam).  Likewise, the conduct of the assistant prosecutor before, as well as during the guilty plea proceeding, was done in his role as a prosecutor.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-24, 118 S. Ct. 502, 506 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976) (prosecutor is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (same).

Alternatively, any claim for monetary damages against the individual defendants is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).  A ruling in Plaintiff's favor on the various claims pled against the individual defendants would necessarily imply the invalidity of his DWI conviction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims seeking to reverse his DWI conviction, construed as a request for habeas relief, should be DISMISSED without prejudice. To the extent Plaintiff seeks monetary damages against Judge Bunch and the assistant prosecutor, his claims should be DISMISSED with prejudice as frivolous, and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). All other claims should be DISMISSED with prejudice as frivolous because they are duplicative of claims raised and addressed in No. 3:09-CV-2342-K.

Signed this 6th day of April, 2010.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.